**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| HANH NGUYEN ALLGOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case Number 2:09-cv-00557(MSD/JEB) |
| v. | ) |
| | ) |
| WILLIAMS MULLEN, P.C., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

Defendant, the firm of Williams Mullen, P.C., has moved this Court for an order dismissing the Complaint in this action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). This motion should be granted.

<u>SUMMARY</u>

This is an employment discrimination suit against a law firm by a disgruntled former employee. Plaintiff Hanh Allgood has been voicing her claims against Williams Mullen in the press and before the U.S. Equal Employment Opportunity Commission ("EEOC") for more than two years. The Complaint she has now filed in this Court, however, has literally nothing to do with the allegations she made to the EEOC in 2007. Ms. Allgood's failure to present her claims to the EEOC before filing those claims in Court divests this Court of subject matter jurisdiction.

In order to litigate a claim of employment discrimination in federal court, a plaintiff must first file her claims with the EEOC in the form of a sworn administrative Charge of Discrimination. This pre-filing exhaustion requirement was intended by Congress to allow the

parties to an alleged employment dispute to resolve their differences before the agency, without involving the Court.

Ms. Allgood has chosen to ignore this statutory requirement. The claims she alleges in this Court are colorful, and have garnered substantial media attention, but none of those claims were encompassed by her administrative EEOC Charge. The gravamen of the *only* direct factual allegations she made before the EEOC is that her non-attorney supervisor was rude to her – that her supervisor (the Director of Facilities) was demeaning; that he raised his voice; that he accused her of spreading rumors, and that he did not provide her with "timely notice of /and pertinent information for job assignments." That's it. Nothing about Vietnamese food, doctor's uniforms, or cucumbers. Not a single word, for that matter, about the conduct of **any** attorney, much less any mention of the two lawyers identified in the Complaint. The allegations contained in the Complaint are utterly and completely absent from her sworn administrative Charge filed with the EEOC two years ago.

Claims raised for the first time in Court, which are not within the scope of the Charge filed with the EEOC, must be dismissed. The law is clear on this issue. Each of the four counts of the Complaint should be dismissed for failure to comply with the administrative exhaustion requirements of federal law.

Ms. Allgood's age harassment claim should be dismissed for an additional reason. The Court of Appeals for the Fourth Circuit has never recognized the existence of such a claim. The Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), contains a very different remedial scheme from the familiar sex, race, and national origin provisions found in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, or the Americans with Disabilities Act, 42 U.S.C. §§ 12111, *et seq.* ("ADA"). Last Term the Supreme Court again

reminded us of the profound difference between the enforcement provisions of the ADEA and Title VII, differences which Ms. Allgood ignores.[1]   The ADEA does not support an "age harassment" claim and, assuming that it did, the allegations of Ms. Allgood's Complaint would not permit her any recovery under the terms of the statute.   Count Three fails to state a claim and is subject to dismissal on that additional ground.

## BACKGROUND

According to Ms. Allgood's Complaint, she worked at the Richmond office of Williams Mullen from July 1989 through March 2003.   Complaint ¶ 5.   She then worked in the firm's Virginia Beach office from July 2003 until March 2007.   *Id.*   Her EEOC Charge, **Exhibit 1** to this Memorandum, states she resigned on March 2, 2007.   (There is no mention of Ms. Allgood's resignation in the Complaint.)

The Complaint alleges that she was subjected to discrimination "throughout the course of her 18 years of employment," Complaint ¶ 1, although in her EEOC Charge she says that the earliest date she complains about was May 2004.   The Complaint asserts that Ms. Allgood was harassed based on her sex (Count One); based on her national origin (Count Two); based on her age (Count Three), and in retaliation for her alleged complaints (Count Four).

The operative factual allegations of the Complaint in this Court are simply missing from the Charge.   The ***entirety*** of the factual allegations describing the claimed harassment in Ms. Allgood's Charge reads as follows:

> Beginning on or about May 2004, and continuing throughout my employment, I was subjected to a hostile work environment created ***by my immediate supervisor,*** Claude Harrison, Director of Facilities.   Mr. Harrison did not treat other employees as harshly as he treated me.   His conduct included, but was not limited to: treating me in a demeaning manner; not providing me with timely

---

[1] *Gross v. FBL Financial Corp.,* ___ U.S. ___ (2009).

   notice of /and pertinent information for job assignments; becoming angry, raising his voice, and berating me; and accusing me of spreading rumors or complaining about him.

**Exhibit 1** (emphasis added).

   The EEOC investigated Ms. Allgood's Charge and, on August 6, 2009, issued a "no cause" determination. The Commission held, "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." **Exhibit 2**. On November 4, 2009, Ms. Allgood filed her Complaint in this Court and notified the press.[2]

   The Complaint is replete with salacious details and allegations that have nothing to do with the Charge Ms. Allgood filed under oath. She makes scurrilous claims about alleged conversations with two Williams Mullen attorneys, one of which is claimed to have occurred as much as twenty years ago, ***none*** of which are even hinted of in the Charge.

   In contrast, the allegations against Mr. Harrison which ***were*** the focus of her administrative Charge are nowhere to be found in the Complaint. Mr. Harrison's name – the only person the Charge alleges to have engaged in conduct leading to a "hostile environment" -- is not even mentioned in the Complaint filed in this Court.[3] This act of litigation legerdemain is not countenanced by Title VII. The Court lacks jurisdiction to hear her newly-created claims, and the Complaint should be dismissed.

---

[2] For reasons not known to the defendant, although various media outlets were made immediately aware of the Complaint (publishing articles and broadcasting colloquy about her allegations), Ms. Allgood has delayed any attempt to actually serve the Complaint on the defendant. Indeed, upon hearing about the Complaint (some time after it had been filed), defendant's counsel offered to accept service of process, but Ms. Allgood has not availed herself of this offer.

[3] There are a handful of references to Ms. Allgood's "immediate supervisor" in the Complaint. She pleads that he made "inappropriate comments and inquiries regarding her age" – something not alleged in the Charge – and that he "significantly reduced her responsibilities by assigning her duties to younger workers" – also missing from the Charge. Complaint ¶ 22. She then pleads that her "immediate supervisor" said that "people may have problems with your accent," another claim absent from the Charge. Complaint ¶ 26. Just about the only point of overlap between the Charge and the Complaint is the assertion that Mr. Harrison withheld "important information" from Ms. Allgood, which hardly states a claim of sexual (or national origin, or race) harassment or retaliation.

**ARGUMENT**

Williams Mullen has moved for dismissal under Rule 12(b)(6) for failure to state a claim and under Rule 12(b)(1) for lack of subject matter jurisdiction. The basic flaw in the Complaint – Ms. Allgood's failure to comply with Title VII's exhaustion requirement by filing an administrative Charge of Discrimination that relates to the claims made in the Complaint – is a failure to comply with a statutory prerequisite to suit. Although filing a timely Charge is mandatory, the timeliness of the Charge is not jurisdictional. *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101 (2002). On the other hand, failure to file any Charge containing the claims pled in the Complaint divests the Court of subject matter jurisdiction. *Davis v. North Carolina Dept. of Correction,* 48 F.3d 134, 138-40 (4th Cir. 1995).[4]

Where, as here, the defendant contends that the summary jurisdictional allegations of the Complaint are false, the Court may go beyond the mere allegations of the Complaint without converting the motion to one for summary judgment, and the presumption of truthfulness normally accorded to the allegations of a complaint does not apply. *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982).[5]

---

[4]   "This requirement is variously referred to as a jurisdictional prerequisite to adjudication in the federal courts, a procedural prerequisite to bringing suit, and a requirement that a claimant exhaust administrative remedies." *Sloop v. Memorial Mission Hospital, Inc.,* 198 F.3d 147, 148 (4th Cir. 1999).

[5]   Ms. Allgood pleads that the Court has "pendent jurisdiction over state claims," Complaint ¶ 3, but the Complaint does not plead any state-law claims.

I.    **NONE OF THE CLAIMS IN THE COMPLAINT WERE PRESENTED TO THE U.S. EEOC, AND HER CLAIMS SHOULD BE DISMISSED**

As pled to this Court, the gravamen of this case is about utterances and actions, offensive based on sex, national origin, and age, alleged to have been made by two attorneys. ***None of these alleged comments or incidents appears in the EEOC Charge.*** The Charge was sharply limited to Ms. Allgood's allegation that a single non-attorney supervisor was rude to her.

An employment-law plaintiff must file a sworn Charge of Discrimination with the EEOC within 300 days after the act complained of. 42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(d) (ADEA); 42 U.S.C. § 12117(a) (adopting Title VII enforcement procedures for ADA); *Tinsley v. First Union Nat'l Bank,* 155 F.3d 435, 439 (4th Cir. 1998) (300 day limit). The Charge must be made under oath or affirmation under penalty of perjury. *Jones v. Calvert Group, Ltd.,* 551 F.3d 297, 300 (4th Cir. 2009). The allegations in the Charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). Any subsequent lawsuit is limited by the allegations made in the Charge. "[T]he EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals." *Kersting v. Wal-Mart Stores, Inc.,* 250 F.3d 1109, 1118 (7th Cir. 2001). "This means . . . [the defendant] was in fact given fair notice and an opportunity to" respond. *Hill v. Western Electric Co.,* 672 F.2d 381, 390 (4th Cir. 1981). "In order to assert a Title VII claim in federal court, a plaintiff must have exhausted her administrative remedies with respect to the claim." *Taylor v. Virginia Union Univ.,* 193 F.3d 219, 239 (4th Cir. 1999) ("exhaustion requirement is meant to preserve judicial economy by barring claims that have not been sufficiently investigated following an EEOC complaint") (internal citations and quotation marks omitted). The Court lacks jurisdiction to entertain claims which are not within the scope of the

administrative Charge, both for Title VII and ADA purposes, as well as for purposes of the ADEA. *Jones,* 551 F.3d at 300-01.

There are a plethora of cases addressing the inappropriate attempts by employment-law plaintiffs to expand litigation beyond the scope of the administrative charge.[6]  The governing law, requiring dismissal of this Complaint, is set out most plainly in *Chacko v. Patuxent Institution,* 429 F.3d 505 (4th Cir. 2005).   In that case, the plaintiff's administrative Charge "described specific confrontations . . . with his supervisors (including allegations that one supervisor responded to him) . . . in an intimidating manner." 429 F.3d at 511-12.  However, the plaintiff proceeded to trial almost entirely on the basis of alleged harassment by co-workers (not by the supervisors described in the Charge), and on testimony about offensive national-origin epithets (again, not mentioned in the Charge).  429 F.3d at 511.   "The administrative charges thus dealt with different time frames, actors, and conduct than the central evidence at trial." *Id.* Ms. Allgood seeks to make precisely the same type of impermissible expansion of her claims: her Charge describes relatively recent rudeness by a single non-attorney, while her Complaint attempts to litigate offensive utterances and conduct allegedly by two specific attorneys not mentioned in the Charge, over the course of two decades.  The Court of Appeals flatly rejected such an attempt to circumvent the administrative pre-filing requirements.  "Our cases make clear that the factual allegations made in formal litigation must correspond to those set forth in the

---

[6]   *See, e.g., Miles v. Dell, Inc.,* 429 F.3d 480, 491 (4th Cir. 2005) (charge claiming sex and pregnancy discrimination and mentioning non-specific internal complaint is not sufficient to support litigating claims of retaliation); *Bryant v. Bell Atlantic Md., Inc.,* 288 F.3d 124, 132-33 (4th Cir. 2002) (charge claiming race discrimination is not sufficient to support litigating claims of color or sex discrimination, or retaliation); *Sloop v. Memorial Mission Hosp., Inc.,* 198 F.3d 147, 148-49 (4th Cir. 1999) (charge claiming age discrimination is not sufficient to support litigating claims of retaliation); *Evans v. Tech. Applications & Serv. Co.,* 80 F.3d 954, 963 (4th Cir. 1996) (charge claiming failure to promote based on sex is not sufficient to support litigating claims of sexual harassment or age discrimination); *Dennis v. County of Fairfax,* 55 F.3d 151, 156 (4th Cir. 1995) (charge claiming race discrimination in discipline is not sufficient to support litigating claims of race discrimination in hiring, training, or promotion); *Lawson v. Burlington Industries, Inc.,* 683 F.2d 862, 863-64 (4th Cir.), *cert. denied,* 459 U.S. 944 (1982) (charge claiming discrimination in layoff is not sufficient to support litigating claims of discrimination in failure to re-hire).

administrative charge. . . .  Similarly, we have held that the allegation of a discrete act or acts in

an administrative charge is insufficient when the plaintiff subsequently alleges a broader pattern

of misconduct." 429 F.3d at 509 (multiple citations omitted).  The *Chacko* Court wrote:

> We hold that a plaintiff fails to exhaust his administrative remedies
> where, as here, his administrative charges reference different time
> frames, actors, and discriminatory conduct than the central factual
> allegations in his formal suit.

 429 F.3d at 506.

Many opinions interpreting the scope of an administrative charge involve cases where the

plaintiff alleged one form of discrimination to the EEOC (for example, race), and attempted to

litigate a claim of discrimination on another basis (for example, sex).  Here, Ms. Allgood

checked the sex, national origin, age, and retaliation "boxes" on her EEOC Charge, but this

scattershot approach to mere box-checking does not redeem her failure to place her claim

properly before the EEOC.  "To begin with, it is established that 'the crucial element of a charge

of discrimination is the ***factual*** statement contained therein.'"  *Nicol v. Imagematrix, Inc.,* 767 F.

Supp. 744, 752 (E.D. Va. 1991) (Ellis, J.) (quoting *Sanchez v. Standard Brands, Inc.,* 431 F.3d

455, 462 (5th Cir. 1970) (emphasis in original).   Where a plaintiff "specifically and

unambiguously allege[s] certain incidents as the basis for her discrimination charge . . .

administrative exhaustion of her claims [does] not reasonably reach beyond the scope of her

specific allegations." *Fuller v. Alliant Energy Corporate Services, Inc.,* 456 F. Supp. 2d 1044,

1062-63 (N.D. Ia. 2006).  "[I]t is well-settled that merely checking a box, or failing to check a

box, does not necessarily control the scope of the charge.  The more critical analysis is whether

there is any explanation or description supporting a particular claim."  *Cooper v. Xerox Corp.,*

994 F. Supp. 429, 436 (W.D.N.Y. 1998) (internal quotations omitted).  Otherwise, "plaintiffs

could circumvent the 'reasonably related' rule altogether by simply checking every box on their

EEOC form, even if they alleged no facts to support their claims." *Cooper,* 994 F. Supp. at 436, quoting *McKinney v. Eastman Kodak Co.,* 975 F. Supp. 462, 466 (W.D.N.Y. 1997). *See, e.g.,* *Givs v. City of Eunice,* 512 F. Supp. 2d 522, 536-37 (W.D. La. 2007) (dismissing retaliation claims despite plaintiff's checking retaliation box: "the Court does not accept that merely checking the retaliation box is sufficient to exhaust . . . administrative remedies"), *aff'd,* 268 Fed. App'x 305 (5th Cir. 2008); *Aurel v. School Board of Miami-Dade County Public Schools,* 261 F. Supp. 2d 1375, 1377 (S.D. Fla. 2003) (charge alleging racial discrimination in termination, which does not refer to racial epithets, does not exhaust administrative remedies with respect to a racial harassment claim based on those epithets).

A recent application of these principles is found in Judge Hudson's decision in *Amaram v. Virginia State Univ.,* 2008 U.S. Dist. LEXIS 26004 (E.D. Va. March 31, 2008), copy appended as **Exhibit 3**. There, the plaintiff's administrative Charge described specific adverse actions, allegedly retaliatory, including the denial of leave and a poor performance review. The subsequent Complaint, however, attempted to litigate allegations that four additional "adverse actions" were retaliatory. Relying on *Chacko, supra,* Judge Hudson held that claims based on the actions missing from the EEOC Charge had been "procedurally defaulted": "these actions were not listed in the EEOC charge and more than 300 days has now elapsed since the date of the alleged discrimination." *See also Webb v. North Carolina Dept. of Crime Control,* 2009 U.S. Dist. LEXIS 91178 (E.D.N.C. Sept. 11, 2009) (plaintiff may not expand litigation to contest adverse actions not described in EEOC charge, following *Chako, supra*, even where Charge boxes for race and retaliation are checked), copy appended as **Exhibit 4**; *Liggett v. Rumsfeld,* 2005 U.S. Dist. LEXIS 34162 (E.D. Va. Aug. 29, 2005) (Lee, J.) (claim of discriminatory denial of promotion "beyond the scope of this action because he failed to exhaust administrative

remedies since he did not raise denial of promotions in his . . . EEOC complaints"), copy appended as **Exhibit 5**.

Ms. Allgood told one story to the EEOC and now seeks to tell an entirely different story to this Court. She has failed to exhaust her administrative remedies with respect to the claims in the Complaint, and the Court should dismiss those claims with prejudice for lack of subject matter jurisdiction.

II.    **THERE IS NO CAUSE OF ACTION FOR "AGE HARASSMENT"
       UNDER THE FACTS PLED IN THE COMPLAINT, AND
       COUNT THREE SHOULD BE DISMISSED**

The recovery of compensatory and punitive damages in cases of employment discrimination, other than lost salary, is governed generally by the Civil Rights Act of 1991, 42 U.S.C. 1981a. In 1991, Congress amended the law to permit plaintiffs to recover general compensatory and punitive damages in cases brought for sex, race, national origin, color, or religious discrimination under Title VII; for cases brought for disability discrimination under the ADA, and in handicap discrimination cases brought under the Rehabilitation Act of 1973, 29 U.S.C. §§ 794a, *et seq.* Despite making several changes in the ADEA at the same time, Congress conspicuously did not permit the recovery of general damages for age discrimination. Even after the 1991 Act, the recovery permitted to an ADEA plaintiff remains limited to lost income, with the possibility of recovering double the amount of lost income for liquidated damages. ADEA recovery is "deemed to be" unpaid minimum wages or overtime compensation. 29 U.S.C. § 626(b). Accordingly, in a case such as this one – where the employee does not allege she was fired or demoted because of her age – the ADEA does not authorize any monetary recovery at all.

The Court of Appeals for the Fourth Circuit has occasionally assumed, but has never held, that a hostile environment claim for age discrimination may be asserted. *See, e.g., Causey v. Balog,* 162 F.3d 795, 801 n.2 (4th Cir. 1998) (assuming for sake of argument that claim exists). At least one district court in the Circuit has expressly decided that no such claim exists, Judge Michael of the Western District of Virginia noting the "separate and distinct statutory schemes" of Title VII and the ADEA, and holding "Fourth Circuit law does not recognize the applicability of Title VII's hostile environment doctrine in age discrimination actions." *Burns v. AFF-McQuay, Inc.,* 980 F. Supp. 175, 180 (W.D. Va. 1997) (claim for age-based harassment "simply is not the law in the Fourth Circuit"), *aff'd on other grounds,* 166 F.3d 292, 294 (4th Cir. 1999) (affirming judgment for defendant "even assuming that a plaintiff can sue for hostile environment under the ADEA"). While some other Circuits have recognized such a claim, their analysis is cursory and not binding on this Court.[7]  Under the facts pled in this Complaint, Ms. Allgood could not recover for lost income – she does not plead a firing, a constructive discharge, a demotion, or a suspension – and no other damages are available to her under the ADEA. The "age harassment" claim should be dismissed.

---

[7]  *Crawford v. Medina General Hospital,* 96 F.3d 830 (6th Cir. 1996).  *See, e.g., Rivera-Rodriguez v. Frito-Lay Snacks Caribbean,* 265 F.3d 15, 23-24 (1st Cir. 2001) (following *Crawford* without analysis); *Brennan v. Metropolitan Opera Ass'n,* 192 F.3d 310, 317 (2d Cir. 1999) (same).

## CONCLUSION

For the reasons set forth above, defendant's motion should be granted and the Complaint dismissed with prejudice.

**WILLIAMS MULLEN, P.C.**


By____*/s/ Hunter W. Sims, Jr.*_____
            Of Counsel

Hunter W. Sims, Jr., Esquire (VSB # 09218)
hwsims@kaufcan.com
John M. Bredehoft, Esquire (VSB # 33602)
jmbredehoft@kaufca.com
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
Phone: (757) 624-3000
Fax:      (757) 624-3169
**Counsel for Defendant Williams Mullen, P.C.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of November 2009, a true copy of the foregoing

***Defendant's Memorandum of Law in Support of its Motion to Dismiss the Complaint*** has been

electronically filed with the Clerk of Court using the CM/ECF system, which will send a

notification of such filing (NEF) to the following:

Ardra M. O'Neal, Esquire (VSB # 45717)
ardra@theonealfirm.com
THE O'NEAL LAW FIRM, LLP
700 12th Street, NW, Suite 700
Washington, DC  20005
Phone:  866/771-0151
Fax:  866/771-0151

***Counsel for Plaintiff Hahn Nguyen Allgood***

                       /s/ Hunter W. Sims, Jr.
Hunter W. Sims, Jr., Esquire (VSB # 09218)
hwsims@kaufcan.com
John M. Bredehoft, Esquire (VSB # 33602)
jmbredehoft@kaufcan.com
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia  23510
Phone:  (757) 624-3000
Fax:      (757) 624-3169
***Counsel for Defendant Williams Mullen, P.C.***